IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EMERGIS TECHNOLOGIES, INC., f/k/a
BCE EMERGIS TECHNOLOGIES, INC.,

        Plaintiff,

vs.

        No. CIV 06-0100 LCS/LFG

PNM RESOURCES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss PNM Resources' Inequitable Conduct Counterclaim and to Strike PNM Resources' Affirmative Defense of Inequitable Conduct (Doc. 11) filed on April 12, 2006. Pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. (*See* Docs. 2, 4.) After having meticulously considered the Motion, briefs, and applicable law, I will **DENY** the Motion to Dismiss for the reasons stated herein and give the Defendant until **July 10, 2006** to file an amended answer and counterclaim as more fully described herein.

Plaintiff filed its complaint on February 3, 2006, asserting that Defendant is infringing a patent (the "'362 patent") that Plaintiff owns. (*See* Doc. 1.) Defendant answered and counterclaimed on March 13, 2006, alleging that "Plaintiffs' Complaint is barred to the extent that the claims of the '362 Patent are unenforceable due to inequitable conduct committed before the United States Patent and Trademark Office ('USPTO') during prosecution of the '362 Patent." (Doc. 6 at 3, 5.) Pursuant to FED. R. CIV. P. 12(b)(6) and 12(f), Plaintiff now moves to



dismiss one of Defendant's affirmative defenses and counterclaims.[1] (*See* Doc. 11 at 2-4.)

## ANALYSIS

A determination that a party engaged in inequitable conduct before the USPTO may render a patent unenforceable. *See In re Papst Licensing, GmbH Patent Litig.*, 174 F. Supp. 2d 446, 448 (E.D. La. 2001) (citation omitted). *See generally Halliburton Co. v. Schlumberger Tech. Corp.*, 925 F.2d 1435 (Fed. Cir. 1991) (discussing inequitable conduct); *A.B. Dick Co. v. Burroughs Corp.*, 798 F.2d 1392 (Fed. Cir. 1986) (holding that inequitable conduct rendered patent unenforceable). Many "[c]ourts have held that allegations of inequitable conduct before the [USPTO], like other allegations of fraud, are subject to the particularity requirements of Rule 9(b)." *In re Papst Licensing*, 174 F. Supp. 2d at 448 (collecting cases). In fact, "public policy considerations dictate that the affirmative defense of inequitable conduct be subject to Rule 9(b)." *Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 221 (N.D. Cal. 1994). As the *Chiron* court noted,

> Specious allegations of inequitable conduct can . . . be deployed as a delaying tactic, as an attempt to confuse the issues or mislead the court, or as a tool to generate more fees or make the case more expensive for an opponent to try or settle. Vague allegations of inequitable conduct may also be the launching of a 'fishing expedition,' allowing the accuser to embark on wide-ranging discovery upon a thimble-full of facts. This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter.

---

[1] FED. R. CIV. P. 12(b)(6) provides:
Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
. . . (6) failure to state a claim upon which relief can be granted[.]

FED. R. CIV. P. 12(f) provides:
Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

*Id.* (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

To satisfy the requirements of FED. R. CIV. P. 9(b), PNM Resources "must state the time, place and nature of the alleged fraudulent activity; mere conclusory allegations of fraud are insufficient." *In re Papst Licensing*, 174 F. Supp. 2d at 448 (citing *Chiron*, 156 F.R.D. at 222). These details are required in order for Emergis Technologies, Inc. to have "notice of the particular misconduct alleged so that it can defend against the charge." *Id.* (citing *Chiron*, 156 F.R.D. at 222). PNM Resources "must plead specific facts, [but] it need not plead evidence to satisfy Rule 9(b)." *Id.* (citing *Chiron*, 156 F.R.D. at 223 n.2).

PNM Resources' affirmative defense and counterclaim are mere conclusory allegations of inequitable conduct and fail to satisfy FED. R. CIV. P. 9(b)'s particularity requirement. PNM Resources requests discovery and time to replead its affirmative defense and counterclaim. (Doc. 13 at 8.) "The purpose of Rule 9(b) is to prevent extensive and unwarranted discovery." *In re Papst Licensing*, 174 F. Supp. 2d at 449 (citation omitted). "Vague allegations of inequitable conduct may allow the alleged patent infringer[, here, PNM Resources,] 'to embark on wide-ranging discovery upon a thimble-full of facts. This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter.'" *Id.* (quoting *Chiron*, 156 F.R.D. at 221). PNM Resources "should not be allowed to use discovery to adequately plead its inequitable conduct defense" and counterclaim. *Id.* at 449-450. Even so, PNM Resources has now had ample opportunity to conduct discovery, which began after the parties participated in a Rule 16 scheduling conference on April 27, 2006. (*See* Doc. 15.) Accordingly, PNM Resources will have until July 10, 2006 to amend its answer to adequately plead its affirmative defense and counterclaim regarding

3

inequitable conduct.[2] If PNM Resources does not adequately amend its answer by July 10, 2006, Plaintiff may renew its motion to strike and dismiss the defense and counterclaim. Defendant's failure to amend will be construed as an intent to abandon the relevant defense and counterclaim.

**WHEREFORE,**

**IT IS ORDERED THAT** Plaintiff's Motion to Dismiss PNM Resources' Inequitable Conduct Counterclaim and to Strike PNM Resources' Affirmative Defense of Inequitable Conduct (Doc. 11) is **DENIED**;

**IT IS FURTHER ORDERED THAT** PNM Resources shall file an amended answer no later than **July 10, 2006**, in order to adequately plead its affirmative defense and counterclaim regarding inequitable conduct;

**IT IS FURTHER ORDERED THAT** if PNM Resources does not adequately amend its answer by July 10, 2006, Plaintiff may renew its motion to strike and dismiss the defense and counterclaim;

**IT IS FURTHER ORDERED THAT** Defendant's failure to amend will be construed as an intent to abandon the relevant defense and counterclaim.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The court in *In re Pabst Licensing* only gave the defendant two weeks to amend. PNM Resources will have one month, which is more than enough time to meet Rule 9(b)'s pleading requirements.

4